IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., PLUMBERS' RETIREMENT SAVINGS PLAN FUND, LOCAL 130, U.A., and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND,<br><br>Plaintiffs,<br><br>v.<br><br>CALDWELL PLUMBING, INC.,<br><br>Defendant. | Case No.: |

## *COMPLAINT*

Plaintiffs, the PLUMBERS' PENSION FUND, LOCAL 130, U.A., et al., by its attorney, Michael J. McGuire and the law firm of Gregorio ♦ Marco, complain of the Defendant, CALDWELL PLUMBING, INC. and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The PLUMBERS' PENSION FUND, LOCAL 130, U.A, et. al. (collectively referred to as the "Local 130 Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., ("Local Union 130").

3. The Local 130 Trust Funds are multi-employer plans as defined under 29 U.S.C. §1002.

4. The Trust Funds are administered in Chicago, Illinois and venue is proper in the Northern District of Illinois.

5. The Defendant is an employer engaged in an industry affecting commerce, which entered into a Collective Bargaining Agreement whose terms require Defendants to pay fringe benefits to the Trust Funds.

6. The Agreement and the Collective Bargaining Agreements also bind the Defendant to the provisions of the Agreement and Declarations of Trust which created the Plumbers' Local 130, U.A. Trust Funds ("Trust Agreements"). A true and correct copy of the Memorandum of Agreement binding Defendant to the terms of the CBA and Trust Agreements is attached as **Exhibit 1**.

7. The Defendant is required to make contributions to the Local 130 Trust Funds for each hour worked by its Plumber employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreements. In addition, the Defendant is required to make contributions to the Local 130 Union measured by the hours worked by Plumber employees and/or Local 130 members at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreements for the Local 130 Trust Funds. The Defendant is also liable for subcontracting plumbing work covered by the CBA to a company, which does not pay the contributions.

8. The CBA requires the Defendant to submit its books and records to an auditor selected by the Fringe Benefit Funds to determine whether the Defendant is complying with its contract obligations concerning fringe benefits being paid, wages being paid, and dues deductions being paid.

9. The CBA and Trust Agreements provide that employers who do not timely pay all contributions are also liable for liquidated damages, interest, audit fees and attorney fees.

10. The Defendant, CALDWELL PLUMBING, INC. breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to remit all fringe benefit contributions due for the period of July 1, 2015 through December 31, 2017 as revealed by a fringe benefit compliance audit for that time period. A true and correct copy of the fringe benefit compliance audit is attached as **Exhibit 2**.

11. As a result of said breaches, the Defendant is also liable to the plaintiffs for the following ancillary damages on top of the fringe benefit contributions:

a. Attorneys' fees and costs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2);

b. Liquidated damages and interest pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2); or

c. Double interest pursuant to 29 U.S.C. §1132(g)(2), whichever is greater.

WHEREFORE, Plaintiffs pray:

A. That the Defendant be ordered to pay all fringe benefit contributions shown to be due in the audit for the time period of July 1, 2015 through December 31, 2017.

B. That the Defendant be ordered to pay the attorney and audit fees and costs incurred by the Plaintiffs.

C. That the Defendant be ordered to pay liquidated damages and interest or double interest.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

By: ___/s/ Michael J. McGuire___
MICHAEL J. MCGUIRE

Michael J. McGuire
ARDC# 6290180
Gregorio ♦ Marco
Attorney for Plaintiffs
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
312/263-2343